[No. 34634.  Department One.  December 26, 1958.]

*In the Matter of the Estate of* HOWARD A. NORMAN,
*Deceased.*

EVELYN PALMROTH, *Respondent,* v. AGNES NORMAN,
*Appellant.*[1]

[1]Reported in 333 P. (2d) 662.

George R. Mosler and Theodore M. Rosenblume, for appellant.

Ernest M. Ingram, for respondent.

MALLERY, J.—Evelyn Palmroth petitioned the probate court for an order of specific performance directed to Agnes Norman, as administratrix of the estate of her deceased husband, Howard A. Norman. The trial court granted the petition, and Agnes Norman appeals.

Respondent and Howard A. Norman were sister and brother and were the owners, as partners, of a tobacco business, and tenants in common of two parcels of real property referred to herein as tracts A and B, all of which they had inherited from their father and held as their separate property.

On March 11, 1955, they entered into a written agreement in which respondent agreed to convey to her brother all of her interest in the tobacco business including the realty, and he agreed to convey to her his interest in tracts A and B. Respondent's copy of the agreement was retained by her attorney at her request.

On May 11, 1955, the brother died before executing the conveyance contemplated. Following his death, respondent

from time to time had conversations with appellant in which the agreement was discussed. Respondent was justified in believing that appellant had full knowledge of the existence of the agreement and knew generally of its terms and conditions. Respondent continued to operate the business during the probate of the estate until October, 1956, in order to preserve the business until the appellant's son could be trained to operate it. On October 3, 1956, respondent made formal demand that the agreement be carried out. Appellant refused to do so, and this action followed:

Appellant assigns error to the trial court's finding of fact that the brother died prior to the time the agreement was required to be executed. This contention is predicated on the language in the agreement that he "will in good faith and immediately, execute such" instruments as are necessary to carry out the contract.

The assignment is without merit because the record shows that the parties intended to wait to perform the contract until school was out in June, 1955, so that the brother could get one of his children to help him in the business.

Appellant assigns error to the trial court's finding of fact that she had knowledge of the existence of the agreement prior to the death of her husband. Appellant's own testimony, however, supports the finding.

Appellant assigns error to the trial court's finding of fact that she had a duty as administratrix to ascertain the terms of the agreement. She contends that the duty to disclose the terms thereof is on the respondent, who is seeking to enforce the agreement. We do not agree.

Appellant was administratrix of the estate and knew of the existence of the agreement. She secured an order from the probate court authorizing respondent to carry on the business. Under RCW 11.48 appellant, as administratrix, has a duty to protect the estate, which includes the duty to collect its assets. Under these circumstances, she cannot proceed in administering the estate as if she had no knowledge of the agreement whereby the estate was to acquire the whole of the tobacco business. Appellant's con-

tention in this regard is significant only in relation to her claim that the respondent is guilty of laches in waiting nineteen months to seek enforcement of the contract. The only possible laches attributable solely to the respondent is measured by the elapsed time between the making of the contract and the brother's death, a period of two months. Upon the appointment of appellant as administratrix, any further delay in the execution of the contract is attributable to her as much as to the respondent. There was no laches on the part of the respondent.

Appellant contends the trial court erred in holding that the agreement was valid and binding on both parties. It is appellant's position that there were mistakes in the agreement which the parties intended to correct at a later date, and, thus, the parties contemplated no delivery until this had been done. The court found otherwise, and the evidence in the record supports the finding.

■ Appellant contends the agreement is not definite and certain enough to support a decree of specific performance. She argues that the contract makes no specific mention of the realty upon which the tobacco business stands. In its findings of fact, the court found that under the agreement the brother was to get the tobacco business, including the realty. No error was assigned to this finding, hence, it is an established fact of the case. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953.

■ The appellant contends the agreement is too indefinite and erroneous in its terms to be specifically enforced because it provided that the furnishings and effects on tract B should be conveyed to respondent, when, in fact, the evidence shows tract B to be unimproved real property. From these facts, the appellant contends it is impossible for the trial court to discern the intention of the parties.

Upon this point, the respondent testified that the clause providing for conveyance of the personal property on tract B was "merely a legal phrase," and that there was no personal property on tract B.

The record before us does not establish the existence of any "furnishings and effects" in connection with tract B.

The respondent's explanation of the use of the phrase is, therefore, conclusive.

We find that the record herein supports the trial court's findings of fact.

The decree of specific performance is affirmed.

HILL, C. J., FINLEY, FOSTER, and HUNTER, JJ., concur.