# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Estate of | ) | No. 82516-0-I |
| | ) | |
| MICHAEL A. PETELLE. | ) | ORDER GRANTING MOTION |
| | ) | FOR RECONSIDERATION AND |
| | ) | AMENDING OPINION |
| | ) | |

The respondent, Michelle Ersfeld-Petelle, has filed a motion for reconsideration of the opinion filed April 11, 2022. The panel has considered the motion and has determined that the motion should be granted and the opinion should be amended. Now, therefore, it is hereby

ORDERED that the motion for reconsideration is granted. It is further

ORDERED that the opinion be amended as follows:

DELETE the last paragraph on Page 10, which reads:

We affirm.

REPLACE that paragraph with the following paragraphs:

We award costs and reasonable attorney fees on appeal to Michelle, as the prevailing party, against Gloria Petelle and the Estate of Michael Petelle.

We affirm.

_Appelwick, J.P.T._

WE CONCUR:

_Brennan, J_    _Mann, J._

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of<br><br>MICHAEL A. PETELLE. | No. 82516-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Gloria Petelle sought to hold Michelle Ersfeld-Petelle, the prior personal representative of the estate, liable for losses incurred during the continued operation of a business held by the estate. The trial court denied relief because it had appointed someone else to operate the business, the personal representative had not been authorized to supervise that person, and Gloria had stipulated that Michelle would not be liable for that person's actions in the order appointing him. We affirm.

## FACTS

Michael Petelle died without a will on May 1, 2017. Months before Michael[1] died, he and Michelle Ersfeld-Petelle, his wife, filed a petition for dissolution. They executed a CR 2A separation agreement, which divided the property of the marital

---

[1] Because the last names of the parties are similar, we refer to all parties by their first names. We intend no disrespect.

community into separate property estates.[2]  Michael died before the court had entered a final dissolution decree.

Michelle filed a petition to serve as Administratrix of Michael's estate. Michelle did not disclose to the court the petition for dissolution or the CR 2A agreement.  Michelle asked the court to authorize her to serve as Administratrix without intervention of the court.  On May 10, 2017, Michelle was appointed Administratrix of the estate with nonintervention powers.

One of Michael's probate assets was a limited liability company known as Sewer Friendly LLC, which Michael had owned since 2009.  On June 13, 2017, Michelle moved for permission from the trial court to continue the operation of the business.  She mentioned the CR 2A agreement, but not in detail, indicated that no decree of dissolution had been entered, and stated that within days of reaching the CR 2A agreement she and Michael began "actively working to reconcile their marriage."[3]  Gloria Petelle, Michael's mother, responded to the motion on June 16, 2017, expressing concern that a Sewer Friendly employee believed Michelle was not competent to run the business.  On June 20, 2017, the trial court denied Michelle's request to run Sewer Friendly.  Instead, it revoked her nonintervention powers because of her failure to disclose the CR 2A agreement or the dissolution that was pending when Michael died.

A month later, on July 19, 2017, Michelle moved to obtain the court's instructions regarding the day-to-day administration of the estate.  She requested

---

[2] The record before us did not include the CR 2A agreement.

[3] Michelle did not assert that the CR 2A agreement had been revoked.

authorization for her son, Robert Kuchan,[4] as interim manager, to manage various aspects of the operation of Sewer Friendly including authority,

> to sign insurance and corporate documents, manage bank accounts, and sign checks on behalf of Sewer Friendly LLC; (12) Giving authority to Robert Kuchan to contract with other entities as necessary to uphold existing obligations and acquire new work for Sewer Friendly LLC; (13) Giving authority to Robert Kuchan to manage, delegate, and direct employees with the completion of day-to-day tasks; (14) Giving authority to Robert Kuchan to hire and fire employees as necessary.

On August 10, 2017, the trial court issued an order formally appointing Robert as interim manager of Sewer Friendly granting him the authority requested. But, the court order prevented Robert from firing, demoting, or reducing the salary of employee Shannon Rud. It granted Michelle the authority to pay for a business appraiser to value Sewer Friendly, but granted her no other authority related to the business.

Meanwhile, Gloria and Michelle were battling in court over who had authority to run Michael's estate. See In re Estate of Petelle, 8 Wn. App. 2d 714, 440 P.3d 1026 (2019), aff'd, 195 Wn.2d 661, 462 P.3d 848 (2020). On May 6, 2019, this court held that Michelle waived her right to inherit Michael's property because of the CR 2A separation agreement. Id. at 724. Because Michael had no children and his spouse Michelle was not entitled to inherit, then his mother, Gloria, became the sole heir. RCW 11.04.015(2)(b).

On October 28, 2019, the trial court entered an order appointing Gloria as president and manager of Sewer Friendly. In this agreed order, both Gloria and

---

[4] Robert was Michelle's son, and Michael's stepson.

Michelle stipulated that Michelle had no liability for any of the losses related to Robert's acts while managing the business. The order also authorized Gloria to manage Sewer Friendly's finances, work, and employees.

On July 9, 2020, Michelle resigned as Administratrix of Michael's estate, and she was replaced by Gloria. Michelle submitted a final report including a full list of the property and a request for discharge. Gloria objected to the request for discharge, arguing that the court needed to review Michelle's actions as Administratrix because she had caused "hundreds of thousands of dollars of estate tax liability." This allegation stemmed from Robert's financial mismanagement of Sewer Friendly.[5] Gloria also alleged that Robert used his position to purchase tools for a secret, competing business. On October 8, 2020, Gloria objected to the court approving Michelle's final report and discharge. Gloria stated Michelle breached her fiduciary duty "render[ing] it impossible for this Court to review all her actions as estate administrator, approve of them, and discharge her from liability." Gloria also asserted that Robert was a delegee of Michelle's authority as Administratrix of the estate.

In two separate orders, a commissioner approved Michelle's discharge and her final report. In the supplemental order approving her discharge on December

---

[5] In a later deposition, Robert stated that in his role as manager, he followed Michael's longstanding practice of performing jobs in exchange for cash without recording them in the company's financial records. Gloria alleged, "Because the transactions were not recorded in Sewer Friendly's books, sales tax and employment taxes were not paid on these off-the-book cash transactions." Robert learned that Gloria was accusing him of stealing cash from the company and declared that her allegation was false.

24, 2020, the court found that Robert had authority for certain tasks at Sewer Friendly, and that Michelle had been discharged from her liability for Robert's actions. Additionally, the commissioner noted that Gloria and Michelle had stipulated that Michelle was not liable for Sewer Friendly or required to monitor Sewer Friendly. In the corrected order approving the final report on January 25, 2021, the court granted Michelle's attorney fees and costs.[6]

On January 4, 2021, Gloria filed a motion for revision on the order of discharge and the order approving the final report, claiming error on a number of the conclusions of law. On April 15, 2021, a judge at the superior court denied the motion for revision. Gloria appeals the order approving Michelle's final report and discharge, the supplemental order of discharge, and the oral ruling denying the motion for revision.[7]

## DISCUSSION

The central issue in this case concerns liability for losses incurred in the continued operation of a business during the probate of Michael's estate. Because Michael died intestate, the personal representative of his estate needed to be appointed by court order. 26B CHERYL C. MITCHELL, WASHINGTON PRACTICE: PROBATE LAW AND PRACTICE § 20:3, at 542 (2nd ed. 2015). Michelle, as surviving

---

[6] On December 24, 2020, page 1 and 3 of the order approving Administratrix's final report, exonerating bond, granting and approving fee motion, and discharging Administratrix was filed. On January 25, 2021, a corrected order approving the final report was filed. The order filed on January 25, 2021, included all three pages. Page 2 set out the findings of fact and conclusions of law.

[7] Subsequent to filing the notice of appeal, Sewer Friendly filed a complaint against Robert for damages arising from his mismanagement of the company. The parties mediated, and the matter settled out of court.

spouse, petitioned for and was granted nonintervention powers as personal representative.[8]

Because Michael died without a will, even with nonintervention powers, Michelle lacked authority to continue to operate her husband's business without court permission. RCW 11.48.025. This rule states, in part,

> Upon a showing of advantage to the estate the court may authorize a personal representative to continue any business of the decedent, other than the business of a partnership of which the decedent was a member: PROVIDED, That if decedent left a nonintervention will or a will specifically authorizing a personal representative to continue any business of decedent, and his or her estate is solvent, or a will providing that the personal representative liquidate any business of decedent, this section shall not apply.

RCW 11.48.025. The order must specify the extent of the authority granted to the personal representative, the period of time they can operate the business, and any additional provisions or restrictions at the court's discretion. Id. Under this statute, another interested party may "require the personal representative to show cause why the authority granted him or her should not be limited or terminated." Id.

Michelle petitioned under RCW 11.48.025 to continue Sewer Friendly, and Gloria responded. The trial court granted permission for the business to continue operating, but did not authorize Michelle to be the operator. Instead, the court

---

[8] There are two types of estate administration: nonintervention and full intervention. Under nonintervention, "the personal representative receives the maximum statutory authority to manage the estate." 26B CHERYL C. MITCHELL, WASHINGTON PRACTICE: PROBATE LAW AND PRACTICE § 20:3, at 539 (2nd ed. 2015); RCW 11.68.011(2)(b). If the court does not grant nonintervention powers, the personal representative is subject to full intervention restrictions. 26B MITCHELL, supra, § 20:2, at 543. "The word 'intervention' refers to the degree of court review and approval that must be obtained by the personal representative as actions are taken with respect to the estate." 26B MITCHELL, supra, § 20:1, at 539.

authorized Robert as interim manager and enumerated his authority and limitations. Gloria argues Michelle had a duty to monitor Robert in his managerial role at Sewer Friendly, and that Michelle is liable for all losses incurred as a result of her breach of this duty. Michelle argues that she was subject to full intervention limitations by the court, which did not allow her to supervise or monitor Robert's management of Sewer Friendly.

Gloria appeals three conclusions of law 2.1, 2.2, and 2.3 in the December 23, 2020 supplemental order discharging Michelle from her liability. When reviewing findings of fact and conclusions of law, "this court defers to the unchallenged findings and reviews the legal conclusions de novo." Bill & Melinda Gates Found. v. Pierce, 15 Wn. App. 2d 419, 429, 475 P.3d 1011 (2020), review denied, 197 Wn.2d 1006, 483 P.3d 785 (2021).

Conclusion 2.1 states that Michelle was not authorized to exercise any involvement in the management of Sewer Friendly, which was delegated by the court to Robert. This is an accurate statement of the content of the August 16, 2017 order. That order was not appealed. Michelle's June 13, 2017 petition to be authorized to personally operate the business was not granted. Instead Michelle was stripped of nonintervention powers.[9] The only person authorized by the court

---

[9] In the findings of fact in the June 20, 2017 order revoking Michelle's nonintervention powers, the court stated,

15. The administration of this Estate appears likely to be fraught with distrust and conflict between petitioner and respondent.

16. The administration and settlement of decedent's Estate with non-intervention powers is not in the beneficiaries' and creditors' best interest.

to continue the operation of the business pursuant to RCW 11.48.025 was Robert. The court's conclusion that "the effect of that delegation by the court was to release [Michelle] of any liability proximately arising from said management of Sewer Friendly by Robert Kuchan" is supported by the unchallenged findings of fact in the record.

Conclusion 2.2 states,

[P]ursuant to the Stipulated Agreed Order signed by Counsel for Gloria Petelle and entered on October 28, 2019, this court and all parties found and agreed that Michelle Ersfeld-Petelle had no duty to monitor Sewer Friendly, and was specifically released of any liability with regard to Sewer Friendly during the time that she was acting as Administratrix of the Estate.

The unchallenged findings of fact stated,

1.7 The October 28, 2019, Order found and stipulated that the order entered herein on August 16, 2017 Authorized and Restricted the authority of the Administratrix Michelle E. Petelle with regard to the management of Sewer Friendly. The October 28, 2019, order delineated all managerial oversight and tasks which had been granted to Robert Kuchan in the August 16, 2017, order.
1.8 The October 28, 2019, Order stated in part as follows:
"And now therefore based upon the above court ordered restrictions on the authority of the administratrix and the concurrent delegation of said authority to Robert Kuchan, Michelle E. Petelle, as Administratrix without non-intervention powers:
["]a. Has no liability for any losses proximately arising from the above acts delegated to Robert Kuchan.["]

---

17. Limiting the personal representative's power and authority to proceed with the administration and settlement of the Estate seems right and proper to this Court and should allow for the expeditious administration and settlement of the Estate considering the contentiousness and conflict presented by the parties.

That order was not appealed.

8

These unchallenged findings are accurate statements of the content and effect of the stipulated order entered on October 28, 2019. Stipulated agreements are interpreted as contracts. Stephens v. Gillispie, 126 Wn. App. 375, 380, 108 P.3d 1230 (2005). Gloria does not allege a breach of the stipulated agreement. Nor does Gloria argue deficiency in the formation of the stipulation. Gloria materially contributed to entry of the stipulation and she is now bound by it.[10] Conclusion 2.2 is supported by the unchallenged factual findings in the record.

Conclusion 2.3 states that Michelle at no time was required to monitor Sewer Friendly. This conclusion is consistent with the uncontested findings of fact and the two preceding conclusions of law.

We find no error in these conclusions of law. Nonetheless, Gloria argues that RCW 11.98.071, which sets out the fiduciary duties of a trustee, applies. But, chapter 11.98 RCW applies to trusts, not estates. While it is true that a personal representative and a trustee are both fiduciaries, a personal representative is not a trustee. On the face of the statute, it does not apply here. Moreover, none of Gloria's cited legal authority relates to legally or factually similar situations.[11]

---

[10] Gloria argues that under RAP 2.2(a)(3), she was not required to appeal these orders. This rule states that a party can appeal from "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." RAP 2.2(a)(3). She is correct that she is not required to appeal a stipulation. But, that is of no consequence to the binding nature of the stipulation.

[11] The cases she cites that do not apply include: Wilkins v. Lasater, 46 Wn. App. 766, 779, 733 P.2d 221 (1987); Ching v. Case 145 Haw. 148, 177, 449 P.3d 1146 (2019); In re Wash. Builders Benefit Tr., 173 Wn. App. 34, 293 P.3d 1206 (2013); Estate of Baldwin, 442 A.2d 529 (Me. 1982); Russell v. Catholic Healthcare Partners Emp. Long Term Disability Plan, C-1-13-324, 2014 WL 556468, at *1

A personal representative has fiduciary obligations to the estate. However, the scope of those duties may depend on the authority of the personal representative. In this case the trial court vested the authority to run Sewer Friendly in Robert. Michelle had no duty with respect to the operation of the business. Without a duty, there is no breach of duty.

We affirm.

_Appelwick, J.P.T._

WE CONCUR:

_Brunner, J_       _Mann, J._

(S.D. Ohio Feb. 13, 2014); Hesthagen v. Harby, 78 Wn.2d 934, 481 P.2d 438 (1971); and In re Estate of Norman, 53 Wn.2d 328, 329-30, 333 P.2d 662 (1958).